J-A14001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| M. K. S. | : | |
| | : | |
| Appellant | : | No. 2273 EDA 2017 |

Appeal from the Judgment of Sentence June 16, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0005745-2016

BEFORE:   GANTMAN, P.J., SHOGAN, J., and PLATT*, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED SEPTEMBER 05, 2018**

Appellant, M.K.S., appeals from the judgment of sentence entered in the Bucks County Court of Common Pleas, following his open guilty plea to aggravated assault and endangering the welfare of children ("EWOC").[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history.  Therefore, we have no need to restate them. We add the court ordered Appellant on August 11, 2017, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied on August 31, 2017.

Appellant raises one issue for our review:

>    DID THE [TRIAL] COURT ERR IN IMPOSING A SENTENCE OF

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(1) and 4304(a)(1), respectively.

_____
*   Retired Senior Judge assigned to the Superior Court.

> NOT LESS THAN TEN NOR MORE THAN TWENTY-ONE YEARS' INCARCERATION, THE SAME SENTENCE AS [APPELLANT'S] CO-DEFENDANT WIFE, WHEN APPELLANT DISTINGUISHED HIMSELF FROM HIS CO-DEFENDANT IN THE FOLLOWING WAYS: APPELLANT PLED GUILTY TO AGGRAVATED ASSAULT REGARDING ONE VICTIM, WHEREAS THE CO-DEFENDANT PLED GUILTY REGARDING TWO VICTIMS; THE CO-DEFENDANT'S AGGRAVATED ASSAULT INVOLVED A COURSE OF CONDUCT WHEREAS APPELLANT'S INVOLVED A BRIEF, MOMENTARY INCIDENT; APPELLANT HAD COOPERATED WITH THE COMMONWEALTH AND AGREED TO TESTIFY AGAINST HIS CO-DEFENDANT; AND APPELLANT PROVIDED HIS DRUG ADDICITON HISTORY AS A BASIS FOR HIS ACTIONS?

(Appellant's Brief at 4).[2]

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *See* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *See* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42

---

[2] "[W]hile a guilty plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his…sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." *Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). "An 'open' plea agreement is one in which there is no negotiated sentence." *Id.* at 363 n.1. Here, Appellant's plea was "open" as to sentencing, so he can challenge the discretionary aspects of his sentence.

Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. ***Commonwealth v. Mann***, 820 A.2d 788 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003). ***See also Commonwealth v. May***, 584 Pa. 640, 887 A.2d 750 (2005), *cert. denied*, 549 U.S. 832, 127 S.Ct. 58, 166 L.Ed.2d 54 (2006) (reiterating absence of specific and contemporaneous objection waives issue on appeal).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). The concise statement must indicate "where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates." ***Commonwealth v. Kiesel***, 854 A.2d 530, 532 (Pa.Super. 2004) (quoting ***Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa.Super. 2000), *appeal denied,* 563 Pa. 672, 759 A.2d 920 (2000)). The statement must also specify "what fundamental norm the sentence violates and the manner in which it violates that norm." ***Kiesel, supra*** at 532.

As a prefatory matter, Appellant failed to raise during the sentencing hearing any challenge to his sentence. Additionally, Appellant's reconsideration motion does not include his claim that the sentencing court failed to consider Appellant's history of drug addiction. Further, Appellant did not meet the minimal requirements of Rule 2119(f). In large part, Appellant's Rule 2119(f) statement is a recitation of authority relevant to a challenge to discretionary aspects of sentencing. Appellant's statement fails to articulate what fundamental norm of sentencing the court violated or to indicate how his sentence violates that norm. *See Kiesel, supra*. Rather, Appellant baldly and briefly asserts his sentence is manifestly excessive in light of his guilty plea and history of drug addiction. Because Appellant failed to include his claims in full at sentencing and in his post-sentence motion, and his Rule 2119(f) statement is inadequate, Appellant has arguably waived his challenges to the discretionary aspects of his sentence. *See Mann, supra*; *Mouzon, supra. See also Commonwealth v. Cannon*, 954 A.2d 1222 (Pa.Super. 2008) (reiterating inadequate Rule 2119(f) statement constitutes failure to raise substantial question as to discretionary aspects of sentence).

Moreover, even if Appellant had properly preserved his claims, he would not be entitled to relief. (*See* Trial Court Opinion, filed 12/15/17, at 4-9) (finding: at sentencing hearing, court stated it considered nature and circumstances of Appellant's and co-defendant's crimes, as well as history, character, and condition of Appellant and co-defendant; court explained it

considered Appellant's background and actions in comparison to co-defendant's background and actions; sentencing court also considered Appellant's history of drug addiction; sentencing court stated it found little difference between two co-defendants' conduct, because both consciously and repeatedly chose to engage in behavior that injured their children; Appellant admitted at guilty plea hearing that he failed to call for help when co-defendant mistreated children over period of time; sentencing court properly considered all evidence and sentencing factors under 42 Pa.C.S.A. § 9721(b) when it sentenced Appellant).[3] The record supports the court's rationale. Therefore, even if Appellant had properly preserved his issues, we would affirm based on the trial court opinion. *See generally In re K.L.S.*, 594 Pa. 194, 197 n.3, 934 A.2d 1244, 1246 n.3 (2007) (stating where issues are waived on appeal, we should affirm).

Judgment of sentence affirmed.

_____

[3] To the extent Appellant claims the court failed to consider at sentencing Appellant's agreement to testify against his co-defendant wife, that promise was essentially illusory. *See* 42 Pa.C.S.A. § 5913(2) (stating in part: "[I]n a criminal proceeding a person shall have the privilege, which he…may waive, not to testify against his…then lawful spouse except that there shall be no such privilege: … (2) in any criminal proceeding against either for bodily injury or violence attempted, done or threatened upon the other, or upon the minor children of said husband and wife, or the minor children of either of them, or any minor child in their care or custody, or in the care or custody of either of them…").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/5/18